UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**EDWARD L. VINSON,**

   Plaintiff,

v.                                                    No. 4:22-cv-0928-P

**AMERIHOME MORTGAGE COMPANY, LLC
ET AL.,**

   Defendants.

## ORDER & OPINION

Before the Court is Defendants' Motion for Summary Judgment. ECF No. 8. Having considered the Motion, applicable law, and docket entries, the Court holds that the Motion is **GRANTED.**

## BACKGROUND

Plaintiff Edward Vinson executed a Note for $480,000 to purchase property in Mansfield, Texas ("the Property"). ECF No. 9 at 9. He secured repayment of the Note with a Deed of Trust ("Deed"). *Id.* Defendant Amerihome Mortgage Company is the holder of the Note and beneficiary of the Deed. *Id.* After Vinson failed to maintain his payments on the Note, Amerihome sent him notice of default and gave him time to cure the default. ECF No. 9-1. Vinson failed to do so. *Id.* So the Property was noticed for foreclosure sale. *Id.*

To halt the sale, Vinson sued Defendants in Texas state court for negligence, negligent misrepresentation, violation of Chapter 51 of the Texas Property Code, and breach of contract. ECF No. 1-5. After obtaining a temporary restraining order in state court, the case was removed to this Court. ECF No. 1. As a result, Vinson was ordered to replead and meet and confer with Defendants. ECF Nos. 3, 4. But he did neither. Defendants now move for summary judgment on Vinson's claims—to which Vinson unsurprisingly did not respond.

## LEGAL STANDARD

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if it could change the outcome of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The Court views the evidence in the light most favorable to the nonmovant but need not comb through the record in search of evidence creating a genuine issue of material fact. *See Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). When no response is filed, the Court may accept the evidence supporting a movant's motion for summary judgment as undisputed. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

## ANALYSIS

Vinson asserts four claims: (1) negligence; (2) negligent misrepresentation; (3) violation of Chapter 51 of the Texas Property Code; and (4) breach of contract. ECF No. 1-5. Defendants move for summary judgment on each claim.

### A. Negligence

A plaintiff must establish three elements to state a negligence claim under Texas law: "(1) a legal duty; (2) a breach of that duty; and (3) damages proximately resulting from the breach." *Elephant Ins. Co., LLC v. Kenyon*, 644 S.W.3d 137, 144 (Tex. 2022). "The initial burden of proof for each element of a negligence cause of action is on the plaintiff." *JPMorgan Chase Bank, N.A. v. Borquez*, 481 S.W.3d 255, 267–68 (Tex. App.—Dallas 2015, pet. denied). Defendants argue that Vinson's negligence claim fails for two reasons: (1) they owe no duty to Vinson, and (2) the economic-loss rule bars Vinson's claim. ECF No. 9 at 5–7. The Court agrees with both reasons.

#### 1. Defendants Owe No Duty to Vinson

Vinson asserts that Defendants had a duty to "to provide notice of any transfer, assignment, or sale of the note, to properly manage the

loan and the escrow amount, to comply with the notice provisions contained in the deed of trust before accelerating the note and foreclosing on the property, and, when applying for a mortgage modification, to protect their rights and not mislead them." ECF No. 1-5 at 3. Vinson contends that this duty "can be found in the regulation of the Department of Housing and Urban Development ("HUD"), which is incorporated with the Deed of Trust." *Id.* But Defendants owe no such duty for at least three reasons.

*First*, Texas does not impose a legal duty on a mortgagee to a mortgagor that would give rise to a negligence claim. *Scott v. Bank of Am., N.A.*, 597 F. App'x 223, 225 (5th Cir. 2014) (noting that there is no legal duty between parties to a contract absent some special relationship between them and holding that no such special relationship exists between mortgagor and mortgagee).

*Second*, the Deed does not mention, incorporate, or relate to any HUD regulations. Thus, because Vinson has not "identified any language referencing HUD regulations generally or specifically, much less any mandatory language, the Court holds that the deed here likewise fails to expressly incorporate HUD regulations." *Dees v. Nationstar Mortg., LLC*, 496 F. Supp. 3d 1043, 1050 (S.D. Tex. 2020).

*Third*, even if HUD regulations were incorporated into the Deed, HUD regulations do not give rise to such an independent legal duty either. *See Roberts v. Cameron-Brown Co.*, 556 F.2d 356, 357 (5th Cir. 1977) ("[HUD regulations] deal only with the relations between the mortgagee and the government, and give the mortgagor no claim to duty owed nor remedy for failure to follow."); *see also Baker v. Countrywide Home Loans Inc.*, No. 3:08-CV-0916-B, 2009 WL 1810336, at *3, 5 (N.D. Tex. June 24, 2009) (Boyle, J.) (noting that violation of HUD regulations could not establish a wrongful foreclosure claim because such regulations impose no duty on mortgagee to mortgagor, but finding that if HUD regulations were expressly incorporated into a deed of trust,

3

violation of them could support a breach-of-contract claim).[1] Because no legal duty exists, Vinson cannot maintain a general negligence claim.

### 2. Economic-Loss Doctrine

The economic-loss doctrine also bars Vinson's negligence claim. The doctrine "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract." *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007). To determine whether the economic-loss rule bars a tort claim, courts look to (1) "the source of the defendant's duty to act (whether it arose solely out of the contract or from some common-law duty)" and (2) "the nature of the remedy sought by the plaintiff." *Colbert v. Wells Fargo Bank, N.A.*, 850 F. App'x 870, 876 (5th Cir. 2021); *see also Galyean v. Guinn*, No. 4:21-CV-1287-P, 2022 WL 15527769, at *6 (N.D. Tex. Oct. 24, 2022) (Pittman, J). The source of the defendant's duty to act is "typically contractual if the only loss or damage is to the subject matter of the contract." *Texas Bank & Tr. Co. v. Zucker*, No. 6:18-CV-525-JDK, 2019 WL 1922044, at *8 (E.D. Tex. Apr. 8, 2019). As for the nature of the remedy, a party must plead and prove either a personal injury or property damage rather than mere economic harm. *See Express One Int'l, Inc. v. Steinbeck*, 53 S.W.3d 895, 898 (Tex. App.—Dallas 2001, no pet.).

Here, Vinson fails to prove or allege an existing duty arising outside the loan documents. Nor does he prove or "allege non-economic damages resulting independently of the deed of trust." *See Law v. Ocwen Loan Servicing, L.L.C.*, 587 F. App'x 790, 796 (5th Cir. 2014). Thus, the economic-loss doctrine bars Vinson's negligence claim.

\* \* \*

Because Defendants owe no legal duty to Vinson and—even if they did—the economic-loss doctrine bars his negligence claim, Defendants are entitled to summary judgment on Vinson's negligence claim.

---

[1] Still, "[e]ven when the HUD regulations are supposedly incorporated into a deed of trust, courts have still found alleged violation of these regulations does not amount to a private cause of action." *Klein v. Wells Fargo Bank, N.A.*, No. A-14-CA-861-SS, 2014 WL 5685113, at *6 (W.D. Tex. Nov. 4, 2014).

4

### B. Negligent Misrepresentation

Vinson also references that a lender can be found liable for negligent misrepresentation in his negligence cause of action. ECF No. 1-5 at 3–4. To the extent negligent misrepresentation is asserted as a separate claim, Defendants move for summary judgment on this claim.

Under Texas law, a claim for negligent misrepresentation consists of four elements:

> (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation.

*Gen. Elec. Cap. Corp. v. Posey*, 415 F.3d 391, 395–96 (5th Cir. 2005). The alleged false information must be a misstatement of existing fact rather than a promise of future conduct. *Id.*

Here, Vinson has not shown or specified what existing fact Defendants allegedly misstated to him, how Defendants failed to exercise reasonable care in communicating the alleged misrepresentation to him, how he justifiably relied on the misrepresentation to h is detriment, or what pecuniary loss he suffered because he relied on Defendants' misrepresentation. And because no response is filed, the Court may accept Defendants' evidence as undisputed. *See Eversley*, 843 F.2d at 174.

Defendants are thus entitled to summary judgment on Vinson's negligence-misrepresentation claim.

### C. Texas Property Code

Vinson also brings a claim under the Texas Property Code, alleging that Defendants did not provide the requisite notice of default, an opportunity to cure such default, or notice of sale as required by Tex. Prop. Code § 51.002(b)(3) and (d). ECF No. 1-5 at 5. Defendants contend, however, that there is no private right of action for violating Chapter 51

5

of the Texas Property Code.

This Court's precedent agrees. *See Mitchell v. PHH Mortg. Corp.*, No. 4:21-CV-1258-P, 2022 WL 6950351, at *4 (N.D. Tex. Oct. 12, 2022) (Pittman, J.) ("[T]here is no independent cause of action for breach of § 51.002."); *see also Rucker v. Bank of Am., N.A.*, 806 F.3d 828, 831 n.2 (5th Cir. 2015) ("[T]he federal district courts that have addressed [the issue] seem to conclude that Section 51.002(d) does not intend an independent private cause of action.").

Defendants are thus entitled to summary judgment on Vinson's Texas-Property-Code claim.

### D. Breach of Contract

Vinson next asserts that Defendants are liable for breach of contract for allegedly failing to follow HUD regulations under the Deed. ECF No. 1-5 at 5–6. There are four elements of a breach-of-contract claim: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff because of the defendant's breach. *See Williams v. Wells Fargo Bank, N.A.*, 884 F.3d 239, 244 (5th Cir. 2018); *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.1 (Tex. 2018).

A violation of the HUD regulations may sustain a breach-of-contract claim if the regulations are explicitly incorporated into the Deed. *Hernandez v. Home Sav. Assoc. of Dall.*, 606 F.2d 596, 601 (5th Cir. 1979). But as mentioned above, the Deed fails to expressly incorporate any HUD regulations. And even if it did, Vinson has failed to show a genuine issue of material fact on the second element of his claim—his performance or tendered performance. *See* ECF No. 1-5. The undisputed evidence establishes that Vinson breached the Deed and Note by failing to make payments. Vinson was thus in default of the contract terms and cannot maintain a suit for breach of that contract. *See Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 470 (5th Cir. 2004).

Defendants are thus entitled to summary judgment on Vinson's breach-of-contract claim.

6

## E. Relief

Vinson also seeks attorney fees and injunctive and declaratory relief in his Complaint. ECF No. 1-5 at 6–10. To recover attorney fees, a plaintiff must prevail on a cause of action in which attorneys' fees are recoverable. *See Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997). Similarly, injunctive and declaratory relief are forms of relief that depend on the success of underlying claims. *See Collin Cty. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170–71 (5th Cir. 1990) (declaratory relief); *Cook v. Wells Fargo Bank, N.A.*, No. 3:10-CV-0592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (Fitzwater, J.) (injunctive relief). Because Vinson's claims are all subject to dismissal, he cannot succeed on his claims for attorney fees or injunctive and declaratory relief.

## CONCLUSION

Because there is no genuine dispute as to any material fact and Defendants are entitled to judgment as a matter of law, the Court **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 8) and **DISMISSES** Vinson's claims with prejudice.

**SO ORDERED** on this **11th day** of **April 2023.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE